UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**GERALD B. SCHULTZ,**
        **Plaintiff,**

    v.                         Case No. 21-CV-855

**SWARRIS MARTINI,**
        **Defendant.**

## ORDER GRANTING PLAINTIFF'S REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE

Currently pending before the court is Gerald B. Schultz's Request to Proceed in District Court without Prepaying the Filing Fee.

Having reviewed Schultz's request, the court concludes that he lacks the financial resources to prepay the fees and costs associated with this action. Therefore, Schultz's Request to Proceed in District Court without Prepaying the Filing Fee will be granted.

Because the court is granting Schultz's Request to Proceed in District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915. Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States

solely due to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it must determine that the case neither (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, nor (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, that does not mean that the court is required to accept without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless

2

Case 2:21-cv-00855-WED    Filed 08/31/21    Page 2 of 6    Document 7

legal theory." *Id.* at 32-33. A court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." *Id.*

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining whether a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in the plaintiff's complaint. Schultz alleges: "Reived [sic] citation for violation number WE40 6788386 and my property was confiscated. In Federal Court ADA Swarris Martini dismissed case number WE6788386 on 5/17/2021. He told me that my property would be returned. It has not." (ECF No. 1 at 4.) With respect to the relief he seeks, he states, "I want my property to be returned." (ECF No. 1 at 5.)

Schultz names as the only defendant "Swarris Martini," whom he identifies as an "Assistant District Attorney" with an address of 517 E. Wisconsin Ave - Room 362, Milwaukee, Milwaukee WI, 53202. There is a *Farris* Martini who is an Assistant *United States* Attorney who prosecutes petty offense matters in this district and whose office address is 517 E. Wisconsin Ave - Room *530*, Milwaukee, Milwaukee WI, 53202. The court assumes this is the individual that Schultz intends to name as the defendant.

But an Assistant United States Attorney is not a proper defendant in this action. First, a prosecutor would not have possession of the property Schultz seeks to have

returned. Second, insofar as Schultz may be attempting to hold the prosecutor liable in tort, such a claim fails because a prosecutor is absolutely immune from federal tort liability. *Fields v. Wharrie*, 740 F.3d 1107, 1110 (7th Cir. 2014).

The court has reviewed court records associated with the citation to which Schultz refers in his complaint. These records indicate that Schultz was issued a citation on February 3, 2020, relating to the possession of a firearm. This apparently resulted in the seizure of a firearm by the Federal Protective Service. The government dismissed the citation on May 19, 2021, and since then Schultz has been trying to get his firearm back. For whatever reason, Schultz has been unsuccessful and has now resorted to filing a lawsuit.

Because Schultz has failed to name a proper defendant, the court must require him to file an amended complaint naming a proper defendant for his claim. The court will give him 28 days to do so. If Schultz is simply seeking the return of his firearm, he is encouraged to contact the Federal Protective Service at (414) 297-3256 to request the return of the firearm and inquire as to any procedures necessary for doing so.

**IT IS THEREFORE ORDERED** that the Schultz's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 3) is **granted**.

**IT IS FURTHER ORDERED** that within **28 days** Schultz shall file an amended complaint. If Schultz no longer wishes to pursue this action, he shall notify the court withing **28 days** that he wishes to voluntarily dismiss it. If Schultz does not file an

5

amended complaint within **28 days,** the court will recommend that this action be dismissed.

**IT IS FURTHER ORDERED** that all of Schultz's filings with the court shall be mailed to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, WI 53202

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the matter.

Schultz should also retain a personal copy of each document.

Schultz is further advised that the failure to comply with all deadlines in this matter may have serious consequences, which may include the loss of certain rights or the dismissal of this action.

In addition, Schultz must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 31st day of August, 2021.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge